UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/12

CAROLYN WILLIAMS,

                       Plaintiff,

        - against -

NYC DEPARTMENT OF EDUCATION,

                     Defendant.

**MEMORANDUM
OPINION AND ORDER**

**11 Civ. 6158 (PAE) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

Before the Court is *pro se* Plaintiff Carolyn Williams's application for appointment of counsel. The Court is obligated to consider a number of factors in evaluating the request of a *pro se* plaintiff for counsel, including "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact-finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Hodge v. Police Officers*, 802 F.2d 58, 62 (2d Cir. 1986).

Williams was granted *in forma pauperis* status on September 23, 2011, which satisfies the requirement that she be unable to afford counsel. However, "[i]n deciding whether to grant a request to seek pro bono counsel, district courts should evaluate several factors, including the merits of the claim, the factual issues and complexity of the case, plaintiff's ability to present the case, and plaintiff's inability to obtain counsel." *Polanco v. Dworzack*, 181 F.3d 83, *3 (2d. Cir. 1999).

While the Court is required to read a *pro se* litigant's submissions liberally in order to assess whether a meritorious claim has been made, the Second Circuit has made clear that an

indigent plaintiff's position must be one of substance. *See Hodge*, 802 F.2d 58. Williams's submissions to the Court have thus far suggested potential violations of federal law, but have not yet demonstrated a factual basis for her allegations that she was unfairly discharged from her employment due to discrimination based on race. Failure to state a sufficient basis "on which to evaluate the merits of the complaint" is grounds to deny her motion. *Nita v. Connecticut Department of Environmental Protection*, 16 F.3d 482, 483 (2d Cir. 1994) (noting the District Court appointed counsel once pro se plaintiff's allegations were deemed potentially meritorious.)

Williams stated that she has unsuccessfully sought counsel at several legal organizations, including the New York State Bar Association, Legal Aid Services, and the NAACP. Where a plaintiff has proven her ability to prosecute her case and respond to motions, the Court is unlikely to find that pro bono counsel is necessary. *See Maxwell v. New York University*, 407 Fed. Appx. 524, 528 (2d Cir. 2010). Thus far Williams has appeared in court and has adequately submitted communications to the Court expressing her positions.

Based on the above determinations, at this time, the Court **DENIES** Williams's motion for pro bono counsel without prejudice.

**SO ORDERED this 3rd day of May 2012**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

2