UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CAROLYN WILLIAMS,

       Plaintiff,

  -v-

NEW YORK CITY DEPARTMENT OF EDUCATION,

       Defendant.

------------------------------------------------------------------X

11 Civ. 6158 (PAE)(RLE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On August 23, 2011, *pro se* plaintiff Carolyn Williams ("Williams") brought this action against defendant the New York City Department of Education ("DOE"), alleging that her employment had been terminated on the basis of her race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*

On March 7, 2012, I referred this case to the Honorable Ronald L. Ellis, United States Magistrate Judge. Dkt. 10. On November 30, 2012, DOE moved for summary judgment. Dkt. 18. On June 3, 2012, Magistrate Judge Ellis issued his Report & Recommendation (the "Report") to this Court, recommending that DOE's motion be granted. Dkt. 29. The Report stated that the parties were required to file any objections within 14 days from the date of the Report's issuance. *See* Report 11. To date, the Court has received no objections.[1]

---

[1] On June 19, 2013, the Court received a telephone call from the Southern District of New York's Office of *Pro Se* Litigation (the "*Pro Se* Office"). The *Pro Se* Office indicated that Williams sought leave to transmit to the Court, via fax, a letter requesting an extension of her time to file objections to the Report. The Court granted such permission. No such fax was received, however. The Court contacted the *Pro Se* Office on July 2, 2013 to inquire whether Williams had contacted the *Pro Se* Office or made any submission; the Office stated that it had received nothing further from Williams.

## DISCUSSION

A court should grant summary judgment only when the submissions, taken together, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a material factual question; in making this determination, the court must view all facts "in the light most favorable" to the non-movant. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008). To survive a motion for summary judgment, the opposing party must establish a genuine issue of material fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1). "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," because "conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02

Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citing *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Edwards v. Fischer,* 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted).

## CONCLUSION

Careful review of the well-reasoned Report reveals no clear error. On the contrary, the Court agrees with its conclusion that Williams has failed to establish even a *prima facie* case of discrimination, providing no factual support for her conclusory allegations. The Report, which is incorporated by reference herein, is adopted without modification. DOE's motion for summary judgment is granted, and the case is dismissed with prejudice. The Clerk of Court is respectfully directed to terminate the motion at docket number 18 and to close this case.

The parties' failure to file written objections precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). The Court therefore certifies that any appeal from this order would not be taken in good faith and *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

Paul A. Engelmayer
Paul A. Engelmayer
United States District Judge

Dated: July 9, 2013
New York, New York

3