```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
CAROLYN WILLIAMS,                             :
                                              :         11 Civ. 6158 (PAE)(RLE)
                          Plaintiff,          :
                                              :                 ORDER
              -v-                             :
                                              :
NEW YORK CITY DEPARTMENT OF EDUCATION,        :
                                              :
                          Defendant.          :
                                              :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/18/13

PAUL A. ENGELMAYER, District Judge:

On September 17, 2013, the Court received a letter from plaintiff. Dkt. 36. Plaintiff acknowledges that she has "filed a claim with the Court of Appeals," but she also requests "an opportunity to present [her] objection[s] . . . to the United States District Court Southern District of New York." *Id.* at 1.

Because plaintiff has filed a notice of appeal, jurisdiction over this case now properly rests with the Court of Appeals. This Court may not exercise jurisdiction simultaneously. *See, e.g., Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (same). Although there are exceptions to that rule, where, as here, the appeal is from a final judgment and the issue presented to the district court is identical to the issue under appeal, the rule is "guided by concerns of efficiency . . . to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *Satcom Int'l Grp. PLC v. Orbcomm. Int'l Partners,*

*L.P.*, 55 F. Supp. 2d 231, 233 (S.D.N.Y. 1999) (citations omitted). That is precisely what plaintiff asks to do here.

The Court notes further that plaintiff has been given an extension of time, or the Court's leave to request such an extension, on more than one occasion. *See* Dkt. 30 at 1 n.1; Dkt. 33. Nor does plaintiff's letter explain why, even if, as she states, she was unaware of her extension of time to file objections to Judge Ellis's Report & Recommendation until August 19, 2013, but instead thought the extension "ended in July," she was unable to submit her objections in time but "would have issued . . . objection[s]" had she been aware of the August 19, 2013 deadline. Dkt. 36 at 1.

Jurisdiction of this case now rests with the Court of Appeals. For the foregoing reasons, plaintiff's request is denied.

SO ORDERED.

*[signature]*
Paul A. Engelmayer
United States District Judge

Dated: September 18, 2013
      New York, New York